IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD W.
GRAY, JR.,

        Petitioner,

    v.                          CASE NO.  10-3193-SAC

STATE OF
KANSAS, et al.,

        Respondents.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Having considered the materials filed, the court finds as follows.

Petitioner has filed a motion for leave to proceed without prepayment of fees. However, Mr. Gray does not provided sufficient financial information to support his motion. In his motion, He states that he has money but does not provide the amount, and then states that he has no money at the EDCF. The court finds that this motion shall be granted based upon a finding that petitioner has no money in his inmate account at EDCF. However, if different financial information becomes available, this order is subject to change.

In July 2007, Mr. Gray was convicted by a jury in Harvey County District Court of cocaine possession and placed on probation for 18 months. State v. Gray, 201 P.3d 1, 2009 WL 398837 (Kan.App. Feb. 13, 2009), review denied (Kan. Nov. 5, 2009). He filed a Motion for New Trial/Judgment of Acquittal in the trial court, which was denied. Id. He appealed the denial of this motion to the Kansas

Court of Appeals (KCA), and his conviction was affirmed on February 13, 2009. His Petition for Review to the Kansas Supreme Court was denied on November 5, 2009.

While his appeals were pending, Mr. Gray "repeatedly violated probation" and revocation hearings were held on April 10, 2008, and August 7, 2008. Id. at *7. At these two hearings his probation was reinstated; however, Mr. Gray was apparently found to have violated his probation another time and exhibits a notice of revocation hearing set for June 5, 2009. At some point, he again appeared before the sentencing court, and was sentenced to 12 months in prison. He alleges that he started serving his sentence on June 18, 2010. Mr. Gray seeks acquittal, as well as "compensation from lost disability funds," bond reimbursement, and punitive damages.

**IMPROPER CLAIMS FOR DAMAGES**

At the outset, the court notes that a request for money damages is not proper in a habeas corpus petition. The only proper relief in habeas corpus is earlier or immediate release from confinement. Furthermore, Mr. Gray's claims for money damages are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that when a state prisoner seeks damages in a civil action, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; Edwards v. Balisok, 520 U.S. 641, 648 (1997). Mr. Gray's conviction was not overturned on direct appeal, and stands as a valid conviction. His

claims in this Petition clearly relate to the validity of his state court conviction. Accordingly, petitioner's claims for damages are dismissed, without prejudice, at this time.

**GROUNDS IN FEDERAL PETITION**

The only grounds raised in Mr. Gray's federal form Petition are set forth under Ground One, where Mr. Gray alleges that he did not receive a fair trial. As "supporting facts" for this ground, he alleges that (1) he did not have a jury of his peers because he lives in Sedgwick County, (2) he "never had cocaine," and (3) his counsel was ineffective. In the spaces on the form petition for a Ground 2,3, or 4, Mr. Gray simply writes, "Attached." He has attached a copy of the KCA opinion of February 13, 2009, a copy of the first page of another state pleading, and a copy of the revocation hearing notice. It is not clear from any of these attachments that Mr. Gray is attempting to state additional grounds in his federal Petition. The court thus finds that the only grounds raised in Mr. Gray's federal Petition are those stated under "Ground One."[1]

**EXHAUSTION OF STATE REMEDIES**

28 U.S.C. § 2254(b)(1) provides:

"An application for a writ of habeas corpus on behalf of
a person in custody pursuant to the judgment of a State

---

[1] If Mr. Gray intended to include other grounds for relief in his federal Petition, he must file an "Amended Petition" on forms provided by the court and write all grounds he intends to raise on the form Petition. He must also answer all applicable questions following each ground, even if his answers are repetitive. If he files an "Amended Petition," he must include every claim and allegation in support that he intends to raise, because an "Amended Petition" will completely supercede the original petition, and the original petition will no longer be before the court.

3

> court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Id. Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner states that all grounds for relief raised in his federal Petition have been presented to the highest state court. However, the court is not convinced by Mr. Gray's bald statement regarding exhaustion that he actually presented the three issues raised in his federal Petition under Ground One to the state courts. In his appeal of the denial of his motion for new trial, Mr. Gray challenged the jury instruction that "any amount" of a controlled substance is sufficient to sustain conviction, a deputy's testimony as to his personal opinion on the law, and three instances of statements made during closing as prosecutorial misconduct. Petitioner's claims in his federal Petition that he was not tried by a jury of his peers, that he had no cocaine, and that his trial counsel was ineffective are obviously not the same claims as those

4

presented in Mr. Gray's appeals to the Kansas appellate courts.  In order to exhaust claims that were not already raised in his criminal appeal, Mr. Gray must seek post-conviction relief in the state district court in which he was tried; if relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief petitioner must file a Petition for Review in the Kansas Supreme Court.

The court finds that Mr. Gray has not shown that he exhausted state court remedies on the claims raised in his federal Petition under Ground One.  He will be given time to show cause why this action should not be dismissed for failure to exhaust these claims.  If Mr. Gray fails within the time allotted to show that he has fully and properly exhausted all claims raised in his Petition, this action will be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner's claims for money damages are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days to show cause why this action should not be dismissed due to his failure to exhaust state court remedies on the claims raised in his federal Petition under Ground One.

The clerk is directed to send petitioner forms for filing a § 2254 petition, which he may use to file an "Amended Petition."

**IT IS SO ORDERED**.

Dated this 13th day of October, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge